### HOLT et al. v. HALL et al.

No. 20560.  Opinion Filed Dec. 30, 1930.

Walter G. Wilson, for plaintiffs in error.

Clyde L. Andrews, for defendants in error.

HERR, C. This is an action originally brought in the district court of Lincoln county by Clarence Hall and Mary Rush against Mable Holt, Margaret E. Holt, and Clarence P. Holt to quiet title to certain real estate lying and situated in said county. The decree went in favor of plaintiffs. Defendants appeal.

Since lodging this appeal, Mary Rush, one of the plaintiffs, departed this life, and the cause was revived in the name of her heirs.

The only question here involved is the construction of section 6566, Rev. Laws 1910, being section 1479, C. O. S. 1921, which section provides:

"No order of sale granted in pursuance of this article (chapter) continues in force more than one year after granting the same, without a sale being had."

There appears in plaintiffs' chain of title a deed from Mable Holt, executrix, to T. D. Rush. It is contended by defendants that this deed is void for the reason that more than one year lapsed between the time of granting the order of sale and the sale thereunder. The question for our determination is: Does the section above quoted apply to sales by administrators and executors, or is it limited to sales by guardians?

This section appears in the 1910 statute, as well as the 1921 statute, in the article relating to guardian sales. It will be noticed that the word "chapter" appears in this section in brackets. If the word "chapter" is properly therein inserted, the section applies to sales by administrators and executors as well as guardianship sales. In our opinion, this section must be read as though the word "chapter" were entirely eliminated. This word appears to have been inserted by the annotater without authority, and was not therein included at the time of the adoption thereof by the Legislature. The section appears in the 1903 statute with the word "chapter" eliminated.

On March 11, 1909, the Legislature passed an act authorizing the appointment of a Code Commission for the purpose of compiling, revising, collating, and formulating a Code of laws for the state. S. L. 1909, page 144. A Commission was subsequently appointed for this purpose by the governor of the state, and a Code of laws was by it promulgated and submitted to the Legislature for adoption. The Code so formulated was adopted by the Legislature March 3, 1911, to be effective at some future date. S. L. 1910-11, c. 39, page 70. Before this Code became effective, it was amended by eliminating certain sections thereof, but the section here discussed was not changed by such amendment. S. L. 1913, c. 75, page 116.

The Code so adopted was designated by the Legislature as volumes 1 and 2, entitled "Revised Laws of the State of Oklahoma, 1910," certified by the Code Revision Commission. At the time of the certification of this Code by the Commission, and adoption by the Legislature, the word "chapter," inserted in the section in brackets, did not appear therein. On March 15, 1911, an act was passed by the Legislature authorizing the Board of Affairs of the state to employ a suitable person to annotate, index, print, and deliver 7,500 copies of such Code. In accordance with this act, the Board of Affairs contracted with Clinton O. Bunn to perform this work. In doing so, the word "chapter" was inserted in this section. This insertion was without authority, and this section, with this word inserted, did not, therefore, become the law of the state. This section must, therefore, be read as though the word "chapter" did not appear therein.

Eliminating the word "chapter" from the section under consideration, the same has no application whatever to sales by administrators or executors.

It is stipulated by counsel that the only matter here involved is the construction of the section of the statute above quoted, and that, if judgment be entered in favor of plaintiffs, it should be so entered without prejudice otherwise to the minor defendants Margaret E. Holt and Clarence P. Holt.

Judgment of the trial court should be affirmed with the limitation as above stated.

BENNETT, EAGLETON, DIFFENDAFFER, and TEEHEE, Commissioners, concur. ANDREWS, J., disqualified and not participating.

By the Court: It is so ordered.

Note.—See under (1) 2 R. C. L. p. 215; R. C. L. Perm. Supp. p. 385.